UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAKESHA GOODWIN )<br>    Plaintiff, )<br>)<br>)<br>)<br>v. )<br>)<br>CAPITAL ONE BANK (USA) N.A. )<br>    Defendant )<br>_____) | CIVIL ACTION<br><br><br>TRIAL BY JURY<br>DEMANDED<br><br><br><br>MAY 30, 2012 |

## **COMPLAINT**

1. This is a suit brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and includes a pendent claim brought under State law for violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et seq.* and for violation of the Creditor Collection Practices Act ("CCPA"), Conn. Gen. Stat. § 36a-645.

2. Plaintiff, Lakesha Goodwin, is a natural person residing in Terryville, Connecticut and is a consumer as defined by the FDCPA 15 U.S.C. § 1692a(3).

3. The Defendant, Capital One Bank (USA), N.A. ("Capital One"), is a National Association headquartered in Virginia and is engaged in the business of offering credit cards and collecting the resulting debts, and  is a debt collector as defined by FDCPA § 1692a(6),

4.  Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1367, and 1337.

5.  This Court has jurisdiction over Capital One because it engages in debt collection within Connecticut.

6.  Venue in this Court is proper, because the Plaintiff is a resident and the acts complained of occurred in this state.

7.  On or around Sunday, April 15 2012, Capital One began contacting Plaintiff's cell phone number with the use of an automatic dialer from phone number 813-202-7244.

8.  When Plaintiff answered the call, the representative requested to speak with a person by the name of "Tessie."

9.  Plaintiff told the representative that she was not Tessie, that she did not know anyone by the name of Tessie and that Tessie could not be reached at that number.

10.  Despite this information, Capital One continued to contact Plaintiff with the use of an automated dialing system.

11.  Plaintiff received one call from Capital One on April 16, 2012 from telephone number 800-955-6600.

12.  Plaintiff received calls to her cell phone from Capital One from phone number 813-202-7244 on Tuesday, April 17 and Thursday April 19, and received three phone calls to her cell phone from Capital One at phone number 813-274-1837 on Wednesday, April 18.

13.  On or around April 19, Plaintiff returned a call to Capital One and spoke with a male collections representative.  Plaintiff explained that Capital One had been

contacting her excessively looking for somebody named "Tessie" and that Capital One was calling the wrong number. Plaintiff further explained that she had been receiving calls from other creditors looking for Tessie, and that she believed that her current cell phone number was Tessie's former cell phone number.

14. At this time, Plaintiff requested that Capital One refrain from contacting her further.

15. Despite this request, Plaintiff continued to receive calls from Capital One, including two calls on Friday, April 20, 2012, five calls on Saturday, April 21, 2012, and three calls on Sunday April 22, 2012, all of which were from phone number 813-274-1837, except for one call on April 20, 2012 that was from 866-381-0453.

16. On Saturday, April 21, Plaintiff was at a church fundraising event. Capital One's excessive telephone calls interrupted the event repeatedly, as Plaintiff had to continue to answer her phone and ask Capital One to stop calling. In addition to explaining that she was not Tessie, Plaintiff explained to the representatives that she was at an event, that the phone calls were inconveniencing her, and that her cell phone was her only means of communication and that she could not turn it off.

17. Despite Plaintiff's request, Capital One continued to call Plaintiff about every one and a half to two hours.

18. Following the first call Plaintiff received on Sunday, April 22, 2012, Plaintiff contacted Capital One and was connected with a female collections representative. Plaintiff attempted to explain again that Capital One had been contacting the wrong number and that she did not wish to be contacted.

19. The representative with whom Plaintiff spoke interrupted Plaintiff as she attempted to speak and told Plaintiff that Capital One would call back later, and implied that Plaintiff was lying about her identity.  Eventually, as Plaintiff was trying to explain that the phone number was a new number for her, and that she had been getting calls from other debt collectors looking for Tessie, the representative hung up on Plaintiff.

20. Following that call, Plaintiff received two additional calls on Sunday, April 22, 2012, as well as three calls on Monday, April 23, 2012 from Capital One from phone number 813-274-1837.

21. On Tuesday, April 24, Plaintiff answered a call from Capital One from phone number 813-274-1837 and spoke with a female representative.  Plaintiff again explained that she was not Tessie, that Tessie could not be reached via Plaintiff's cell phone number, and that she did not wish to be contacted further by Capital One.

22. The representative brushed off Plaintiff's comments and stated that she would continue to call Plaintiff later.

23. Despite Plaintiff's request, she received three additional calls from Capital One on Tuesday, April 24, 2012 from phone number 813-274-1837.

24. Eventually, on or around April 24, 2012, Plaintiff learned how to use a call blocking feature on her cell phone to avoid the calls from Capital One, and blocked incoming calls from 813-202-7244, 813-274-1837, 866-381-0453, and 800-955-6600.  As a result of the call blocking, Plaintiff has not received further calls from Capital One.

25. Plaintiff is disabled and Plaintiff's son is disabled, and her cell phone is her only telephone number.  Plaintiff must keep her cell phone number on in case of emergency.

26. Further, Plaintiff's cell phone plan is a prepaid plan; meaning that each of Capital One's misplaced calls subtracted minutes from Plaintiff's calling plan, and for which she had to pay in order to replace.

27. Plaintiff has no established business relationship with Capital One in relation to the account on which it was attempting to collect.

28. To the extent that Plaintiff "Tessie" had such a relationship and had appropriately given consent to call the cell phone number, any authorization to call her using an auto-dialer device was revoked on April 15, 2012.

29. Most, if not all of the calls that were made to Plaintiff were made utilizing an autodialer without authorization in violation of the TCPA.

30. Capital One's conduct violates the FDCPA and the CCPA.

31. Capital One's conduct, has caused Plaintiff to suffer an ascertainable loss in the form of lost prepaid cell phone minutes as well as the cost to replace those minutes, and its conduct has violated CUTPA.

32. Capital One has violated the FDCPA, TCPA and CUTPA.

WHEREFORE, the Plaintiff seeks recovery of actual damages pursuant to 15 U.S.C. § 1692k; statutory damages pursuant to 15 U.S.C. § 1692k; attorney's fees and costs pursuant to 15 U.S.C. § 1692k; actual damages, punitive damages, and attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g; actual damages, statutory damages and attorney's fees and costs pursuant to Conn. Gen. Stat § 36a-648a; statutory damages pursuant to 47 U.S.C. § 227(b)(3) of $500 per call, trebled to the extent such calls are deemed willful,  and such other relief as this Court deems appropriate.

**PLAINTIFF, LAKESHA GOODWIN**

By:  /s/Daniel S. Blinn_____
Daniel S. Blinn, Fed Bar No. ct02188
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd., Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408; Fax (860) 571-7457